UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CULLEN M. HANKERSON,

    Petitioner,

v.

STEVE SINCLAIR,

    Respondent.

CASE NO. C14-5623 RBL-JRC

ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL AND MOTION TO SUBMIT ADDITIONAL EVIDENCE

    The District Court has referred this petition for a writ of habeas corpus to United States Magistrate Judge J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR4. Petitioner filed the petition pursuant to 28 U.S.C. § 2254.

    Petitioner asks the Court to appoint counsel to represent him. Petitioner also asks for leave to submit evidence allegedly showing that he is not receiving discovery from a county prosecutor (Dkt. 15 and 19). The Court denies both of petitioner's motions.

    Petitioner presents no argument or reasoning why the Court should appoint counsel (Dkt. 15. Because a 28 U.S.C. § 2254 habeas corpus petition is civil, not criminal, in nature there is no right to have counsel appointed unless an evidentiary hearing is required. *Brown v. Vasquez*, 952 F.2d 1164, 1168 (9th Cir. 1991) (*citing McCleskey v. Zant*, 499 U.S. 467, 495 (1991)); *see Ortiz*

1  *v. Stewart*, 149 F.3d 923, 939 (9th Cir. 1998) ("There is simply no constitutional right to an

2  attorney in a state post-conviction proceeding."); *see also Terrovona v. Kincheloe*, 852 F.2d 424,

3  429 (9th Cir. 1988).  The Court has not ordered an evidentiary hearing in this case.  The Court

4  denies petitioner's motion to appoint counsel.

5       Petitioner also asks to submit evidence that he alleges shows that a county prosecutor is

6  not giving him discovery (Dkt. 19).  "A habeas petitioner, unlike the usual civil litigant in federal

7  court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S.

8  899, 904 (1997); *Smith v. Mahoney*, 611 F.3d 978, 996 (9th Cir. 2010).

9       "Rule 6(a) of the Federal Rules Governing § 2254 Cases states that '[a] party shall be

10  entitled to invoke the processes of discovery available under the Fed. R. Civ. P. if, and to the

11  extent that, the judge in the exercise of his discretion and for good cause shown grants leave to

12  do so, but not otherwise.'" *Smith*, 611 F.3d at 996.  Petitioner has not filed a motion asking for

13  discovery.  Petitioner has not shown good cause for the Court to grant any motion regarding

14  discovery.  Further, petitioner is now in the care and custody of the Washington State

15  Department of Corrections.  Accordingly, respondent will file an answer to the petition and the

16  necessary record.  The Court also takes judicial notice of prior cases filed by Mr. Hankerson

17  regarding his allegations that he was not allowed to bring legal materials with him -- including

18  *Hankerson v. Warner*, C14-5237RJB and *Hankerson v. Department of Corrections* C13-

19  5182BHS.  The Court denies petitioner's motion to submit evidence.

20       Dated this 25th day of September, 2014.

21

22                                           J. Richard Creatura
                                         United States Magistrate Judge

23

24

ORDER DENYING PETITIONER'S MOTION FOR
APPOINTMENT OF COUNSEL AND MOTION
TO SUBMIT ADDITIONAL EVIDENCE - 2