UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CULLEN M. HANKERSON,

                    Petitioner,

        v.

STEVE SINCLAIR,

                    Respondent.

CASE NO. C14-5623 RBL-JRC

REPORT AND RECOMMENDATION

NOTED FOR:
MARCH 20, 2015

        The District Court referred this petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 to United States Magistrate Judge J. Richard Creatura.  The referral is made pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR4.

        Petitioner alleges that his constitutional rights were violated by the Department of Corrections when he was not allowed to take legal materials with him from the Pierce County Jail to prison.  Petitioner is in custody pursuant to guilty pleas he entered in Pierce County Superior Court (Dkt. 13).  The superior court sentenced him to 120 months on the longest of the sentences and the sentences run concurrently (Dkt. 23, Exhibit 1, appendix "A").  The Court

1  recommends denying this petition because two of the grounds petitioner raises are procedurally

2  barred and the other two grounds that petitioner raises have no bearing on petitioner's guilty plea

3  or sentence and do not belong in a habeas corpus petition.

4  BASIS FOR CUSTODY AND FACTS

5       Petitioner does not directly challenge his convictions or sentences.  Therefore, the

6  specific facts of the crimes are not relevant.  Petitioner is serving sentences on four separate

7  convictions.  Petitioner pled guilty in each case (Dkt. 23, Exhibit 1 Attachments).  The

8  Washington State Court of Appeals identified the crimes for each cause number in its order

9  denying petitioner's personal restraint petition (Dkt. 23, Exhibit 6 n.1).  The longest of the

10  sentences is the only relevant conviction because all sentences run concurrently.  The longest

11  sentence is for 120 months (Dkt. 23, Exhibit 1 Appendix "A").

12       In that case, petitioner pled guilty to eleven counts of forgery, six counts second degree

13  identity theft, and one count of unlawful possession of payment instruments (Dkt. 23, Exhibit 1,

14  Appendix "E").  Petitioner entered his guilty plea on August 23, 2011 (*id*.).  Petitioner entered an

15  Alford plea and did not admit guilt.  *North Carolina v. Alford*, 400 U.S. 25 (1970).  Petitioner

16  stated:

17       I do not believe I am guilty exactly as charged, but I am pleading guilty to take
         advantage of State's offer and I believe there is a substantial likelihood that I

18       would be convicted at trial[.]  There is a factual basis for my plea contained in the
         PC statement. I stipulate that there is a basis for the court to impose an

19       exceptional sentence up to 10 years.

20  (Dkt. 23, Exhibit 1, Appendix "E" p. 8 of 9).

21       Petitioner also checked a box stating that instead of making a statement he stipulated to

22  the court reviewing the police reports and/or a statement of probable cause supplied by the

23  prosecution to establish a factual basis for the plea (*id*.).  On October 3, 2011, the Pierce County

24

1  Superior Court sentenced petitioner to incarceration totaling 120 months (Dkt. 23, Exhibit 1

2  Appendix "A").

3         In petitioner's collateral challenge, he argued that his convictions should be reversed

4  because he was denied access to his legal work by the Department of Correction ("DOC") when

5  DOC transferred him to prison (Dkt. 23, Exhibit 2, p. 9).  Petitioner's filing is in narrative form

6  and petitioner does not clearly identify his grounds for relief (*id.*).  Respondent summarized

7  petitioner's claims:

8         [Petitioner's] only reliable source "work-product" was seized and lost due to the
         Actions of the State Department of Corrections due to their new Policy of not
9         allowing Prisoners to bring their legal work and then changing their policy to
         again allow the Legal work but had "failed to train staff" and had failed to notify
10        the proper county facilities of policy change. . . .
         …
11        The following statutes and constitutional provisions should be considered by the
         court: 1st and 14th Amendments, 42 U.S.C. § 1983 and Due process. . . .
12        …
         The department of corrections has now caused damage by not allowing this
13        petitioner to bring his legal work (work product) to prison. . . .
         …
14
   (Dkt. 23, Exhibit 2 pp. 3-9).  Petitioner also filed a supplemental brief, which respondent
15
   summarized as raising the following claims:
16
          Was the Plea-agreement voluntary during sentencing?
17
          Defendant at the time due to his representing himself could not get the standby
18        counsel do any research for updated cases and the only choice to build a Proper
         defense this defendant had to take an involuntary Agreement. . . .
19        …
         The stand-by counsel could have exercised due diligence on his part to do discovery
20        and that never occurred. . . .
         …
21        [T]he State prosecutors perjured themselves on record when stating that they had
         dismissed the investigation and then waited til[sic] defendant got rid of the proof to
22        prove his innocence.
         …
23        Prosecutor had lied on the record and had stated that they never intended to not
         pursue the case and then after petitioner got rid of evidence to prove his innocence

24

REPORT AND RECOMMENDATION - 3

the charges came about and the State knows that the evidence and testimony used was false.

…

Petitioner must contend that this restraint is unlawful because this conviction rests on insufficient evidence.

…

I now contend that the policies which provide for the detention and inspection of outgoing legal mail by the prison officials are violating my constitutional rights.

(Dkt. 23, Exhibit 3).

The Washington State Court of Appeals dismissed the petition holding that petitioner failed to assert that there was any error in his judgment or sentence, failed to show that his guilty pleas were not voluntary and failed to present evidence to establish that he was entitled to relief (Dkt. 23, Exhibit 6). The Washington State Court of Appeals refused to consider the new issues petitioner raised for the first time in his reply brief (Dkt. 23, Exhibit 6 p. 3 n.3).

Petitioner filed a motion for discretionary review (Dkt. 23, Exhibit 7). Petitioner's pleading is again in a narrative format and does not clearly set forth separately numbered grounds for review (*id.*). Respondent summarized the grounds for relief raised as follows:

This case…presents a significant question of law under the First and Fourteenth amendment to the rights to have my legal work-product with me when I came to prison especially since I was Pro-se in these cases and all the work-product I had is now lost.

…

This defendant made a decision to get updated caselaw and then withdraw my "Alford" plea and found out that D.O.C. would not allow me to bring my legal work-product on the Prison bus.

…

The court made an incorrect decision on the assessment of a guilty plea. Petitioner made sure that he only entered a plea by way of an Alford plea and is important to consider a P.S.I and any other report because this is not an admission of guilt. So for the emphasis that there is any argument from the state or lower courts that petitioner had admitted or stipulated to any facts underlying the charged crime is false. . . .

…

Petitioner also had the option to withdraw his plea and lost that opportunity due to the misconduct of the state and the state cannot now punish petitioner for their error.

1           Petitioner also made an Alford Plea and admitted to no guilt for the sole purpose
of being able to withdraw the plea and not have any incriminating evidence
2           against him.

3  (Dkt. 7 pp. 3-7).

4        In denying petitioner's motion, the Washington State Supreme Court Commissioner

5  noted that the issues surrounding petitioner's transfer to prison and the taking of his legal

6  materials were litigated and decided by this Court in *Hankerson v Department of Correction*

7  2013 WL 5962979 (W.D. Wa. 2013) (Dkt. 23, Exhibit 8, p. 2 n.1). The Commissioner stated:

8           Mr. Hankerson essentially argues that his guilty pleas, which he claims were
entered pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L.
9           Ed. 2d 162 (1970), were invalid because the Department of Corrections would not
allow him to transport his legal papers from the Pierce County jail.  According to
10          Mr. Hankerson, the department's interference with his legal work forced him to
enter the Alford pleas.  But Mr. Hankerson supports his argument for the most
11          part with bald assertions and conclusory allegations insufficient to warrant a
reference hearing…
12  (Dkt. 23, Exhibit 8, pp. 1-2).

13        Petitioner filed a motion for discretionary review (Dkt. 23, Exhibit 9).  The Washington

14  State Supreme Court denied his motion without comment (Dkt. 23, Exhibit 10).

15        Petitioner raises four grounds for relief in his federal habeas corpus petition which the

16  Court summarizes as follows:

17        1.      Petitioner's Fourth Amendment rights were violated by "correctional
18             officers not allowing him to take his legal material with him when he
transferred from county jail to prison.
19

20        2.      Petitioner's First Amendment right to freedom of speech was violated
when he lost the ability to argue post-conviction appeals.

21        3.      Petitioner's Sixth Amendment rights were violated because the law library
22             at the Pierce County Jail is outdated and stand by counsel would not assist
him to his satisfaction.

23

24

1        4.     Petitioner's due process and equal protection rights were violated when
2            petitioner could not take his legal materials with him from county jail to
            prison.

3 (Dkt. 13).  Respondent argues that petitioner's first and third grounds for relief are procedurally

4 barred and that the second and fourth grounds for relief challenge conditions of confinement and

5 not the validity of a judgment and sentence.

6       In his habeas corpus petition, petitioner alleges that on October 4, 2011, Department of

7 Corrections personnel removed petitioner from the county jail and transported him to prison

8 (Dkt. 13, p. 5).  Petitioner alleges that "correctional officers" would not let him take his legal

9 material with him and he therefore could not argue a post conviction appeal (Dkt. 13, p. 7).

10 However, petitioner waived his right to file direct appeals when he entered his guilty plea (Dkt.

11 23, Exhibit 1, Appendix "E" p. 2 section 5(f)).  Further, petitioner filed a collateral challenge to

12 his conviction on October 2, 2012 (Dkt. 23, Exhibit 2).  In addition, petitioner's transfer to prison

13 occurred after his final sentencing, and over a month after plaintiff pled guilty on cause number

14 10-1-03683-2.  Thus, petitioner fails to show how the taking of his legal material had any bearing

15 on whether his guilty pleas were voluntarily and knowingly made.

16                           EVIDENTIARY HEARING

17       Evidentiary hearings are not usually necessary in habeas cases.  According to 28 U.S.C.

18 §2254 (e)(2), a hearing will occur only if a habeas applicant has failed to develop the factual

19 basis for a claim in state court, and the applicant shows that: (A) the claim relies on (1) a new

20 rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court

21 that was previously unavailable, or if there is (2) a factual predicate that could not have been

22 previously discovered through the exercise of due diligence; and (B) the facts underlying the

23 claim would be sufficient to establish by clear and convincing evidence that but for constitutional

24

1  error, no reasonable fact finder would have found the applicant guilty of the underlying offense.

2  28 U.S.C. §2254 (e)(2).

3      Petitioner relies on established constitutional law, the factual predicates were available at

4  trial or sentencing, and the facts do not establish that no reasonable fact finder would have found

5  the applicant guilty. Accordingly, the Court concludes that an evidentiary hearing is not

6  necessary to decide this case.

7                    <u>STANDARD OF REVIEW</u>

8      Federal courts may intervene in the state judicial process only to correct wrongs of a

9  constitutional dimension.  *Engle v. Isaac*, 456 U.S. 107, 119 (1983).  28 U.S.C. § 2254 explicitly

10  states that a federal court may entertain an application for writ of habeas corpus "only on the

11  ground that [the petitioner] is in custody in violation of the constitution or law or treaties of the

12  United States."  28 U.S.C. § 2254 (a) (1995).  The Supreme Court has stated many times that

13  federal habeas corpus relief does not lie for mere errors of state law.  *Estelle v. McGuire*, 502

14  U.S. 62, 67 (1991); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Pulley v. Harris*, 465 U.S. 37, 41

15  (1984).

16      A habeas corpus petition shall not be granted with respect to any claim adjudicated on the

17  merits in the state courts unless the adjudication either: (1) resulted in a decision that was

18  contrary to, or involved an unreasonable application of, clearly established federal law, as

19  determined by the Supreme Court; or (2) resulted in a decision that was based on an

20  unreasonable determination of the facts in light of the evidence presented to the state courts.  28

21  U.S.C. §2254 (d).  Further, a determination of a factual issue by a state court shall be presumed

22  correct, and the applicant has the burden of rebutting the presumption of correctness by clear and

23  convincing evidence.  28 U.S.C. §2254 (e)(1).

24

DISCUSSION

1. Exhaustion.

Respondent argues that petitioner failed to exhaust his first and third grounds for relief and has procedurally defaulted on these claims (Dkt. 22, p. 6).  The Court first considers if the claims were properly exhausted.

A state prisoner seeking habeas corpus relief in federal court must exhaust available state relief prior to filing a petition in federal court. As a threshold issue the court must determine whether or not petitioner has properly presented the federal habeas claims to the state courts. 28 U.S.C. § 2254(b)(1) states, in pertinent part:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted unless it appears that:
>
>> (A) the applicant has exhausted the remedies available in the courts of the state; or
>>
>> (B)(i) there is an absence of available state corrective process; or
>>
>> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

To exhaust state remedies, petitioner's claims must have been fairly presented to the state's highest court.  *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Middleton v. Cupp*, 768 F.2d 1083, 1086 (9th Cir. 1985) (petitioner "fairly presented" the claim to the state Supreme Court even though the state court did not reach the argument on the merits).

A federal habeas petitioner must provide the state courts with a fair opportunity to correct alleged violations of federal rights.  *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (*citing Picard*, 404 U.S. at 275).  Petitioner must have exhausted the claim at every level of appeal in the state courts. *Ortberg v. Moody*, 961 F.2d 135, 138 (9th Cir. 1992)  It is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar

1   state law claim was made.  *Duncan*, 513 U.S. at 365-66 (*citing Picard*, 404 U.S. at 275 *and*

2   *Anderson v. Harless*, 459 U.S. 4 (1982)).  Petitioner must present the claims to the state's highest

3   court, even if such review is discretionary.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999);

4   *Larche v. Simons*, 53 F.3d 1068, 1071 (9th Cir. 1995).  "An applicant shall not be deemed to

5   have exhausted the remedies available in the courts of the State, within the meaning of this

6   section, if he has the right under the law of the State to raise, by any available procedure, the

7   question presented."  28 USCA § 2254(c).

8        Petitioner must present the claims to the state's highest court based upon the same federal

9   legal theory and factual basis as the claims are subsequently asserted in the habeas petition.

10  *Hudson v. Rushen*, 686 F.2d 826, 830 (9th Cir. 1982), *cert denied* 461 U.S. 916 (1983); *Schiers*

11  *v. California*, 333 F.2d 173, 176 (9th Cir. 1964) (petitioner failed to exhaust the claim that the

12  state trial court improperly admitted evidence because petitioner never presented such a claim to

13  the state court).  Specifically, petitioner must apprize the state court that an alleged error is not

14  only a violation of state law, but a violation of the Constitution.  *Duncan v. Henry*, 513 U.S.

15  364, 365-66 (1995).  Vague references to broad constitutional principles such as due process,

16  equal protection, or a fair trial are not enough.  *Gray v. Netherland*, 518 U.S. 152, 162 (1996);

17  *Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999), *cert. denied*, 528 U.S. 1087 (2000)

18  (petitioner's statement that the state court's cumulative errors denied him a fair trial was

19  insufficient to specifically articulate a violation of a federal constitutional guarantee); *Hiivala v.*

20  *Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999).  Petitioner must include reference to a specific

21  federal constitutional guarantee, as well as a statement of the facts that entitle petitioner to relief.

22  *Gray v. Netherland*, 518 U.S. at 162-163.

23

24

1    Petitioner did not raise his first ground for relief in state court. Petitioner's claim is that

2    the taking of his legal material violated his Fourth Amendment rights (Dkt. 13).  Petitioner must

3    present the claims to the state's highest court based upon the same federal legal theory and

4    factual basis as the claims are subsequently asserted in the habeas petition.  *Hudson v. Rushen*,

5    686 F.2d 826, 830 (9th Cir. 1982), *cert denied* 461 U.S. 916 (1983); *Schiers v. California*, 333

6    F.2d 173, 176 (9th Cir. 1964).  Petitioner never presented this claim in state court. Petitioner's

7    first ground is not properly exhausted.

8    Petitioner raised his third ground for relief, alleging the alleged inadequacy of stand-by

9    counsel for the first time in a reply brief (Dkt. 23, Exhibit 3).  The Washington State Court of

10   Appeals held that it would not consider an issue raised for the first time in a reply brief. (Dkt. 23,

11   Exhibit 6, p. 3 n.3).  Thus, petitioner did not raise his issue in a context where he gave the state

12   court a full and fair opportunity to consider his claim.  *See Castille v. Peoples*, 489 U.S. 346, 351

13   (1989) (holding where a claim is presented for the first and only time in a procedural context in

14   which the merits are not likely to be considered unless there are special and important reasons,

15   the petition is not exhausted). Petitioner failed to properly exhaust his third ground for relief.

16       2.  Procedural Bar.

17   Petitioner cannot now return to state court to exhaust these grounds for relief because the

18   petition would not be timely.  *See* RCW 10.73.090.  Thus, petitioner's first and third grounds for

19   relief are procedurally defaulted.  A state petitioner seeking federal habeas review of his or her

20   conviction or sentence on a procedurally defaulted constitutional claim must establish either: (1)

21   cause for the default and actual prejudice resulting from the alleged constitutional error; or (2)

22   that a fundamental miscarriage of justice will result if the claim is not reviewed.  If petitioner

23

24

claims that there has been a fundamental miscarriage of justice, then petitioner must prove actual innocence.

"In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Petitioner has not made such a showing here.

A.     Cause and Prejudice

To show cause in federal court, petitioner must show that some objective factor, external to the defense, prevented petitioner from complying with state procedural rules relating to the presentation of petitioner's claims. *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991) (*citing Murray v. Carrier*, 477 U.S. 478, 488 (1986). Examples which may satisfy "cause" include "interference by officials" that makes compliance with state procedural rules impracticable, "a showing that the factual or legal basis for a claim was not reasonably available to counsel", or "ineffective assistance of counsel." *McCleskey*, 499 U.S. at 494 (*citing Murray*, 477 U.S. at 488).

"Prejudice" exists if the alleged errors were of constitutional dimensions and worked to the defendant's "actual and substantial disadvantage." *United States v. Frady*, 456 U.S. 152, 170 (1982). The mere possibility of prejudice is not enough to show cause (*id*). For example, "the degree of prejudice we have required a prisoner to show before obtaining collateral relief for errors in the jury charge as 'whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process,' not merely whether 'the instruction is undesirable,

1    erroneous, or even universally condemned.'" *Frady*, 456 U.S. at 169 (*quoting Henderson v.*

2    *Kibbe*, 431 U.S. 145, 154 (1977)) (internal quotations omitted).

3        *Cause.*  Even if petitioner could not bring his legal materials with him, it did not prevent

4    him from filing a timely personal restraint petition where he could raise his issues (Dkt. 23,

5    Exhibit 2).  Further, by entering a guilty plea, petitioner waived his ability to file a direct appeal

6    (Dkt. 23, Exhibit 1 appendix E).  Petitioner fails to show that he could not file timely petitions in

7    state court.

8        *Prejudice.*  Further, petitioner fails to show prejudice because he fails to show that any

9    error of constitutional magnitude makes his guilty pleas invalid.  Petitioner pled guilty and the

10   superior court sentenced him prior to his transfer to prison.  Thus, petitioner's not being able to

11   take legal materials with him after he made entered into the plea agreement has no bearing on the

12   agreement.

13       Petitioner also seeks to challenge the adequacy of the Pierce County Jail's law library and

14   the performance of standby counsel.  An incarcerated person does not have a free standing right

15   to a law library, and it is prison or jail officials, not the inmate, who chose the manner in which

16   the state fulfills its obligation to provide access to courts.  *Storseth v. Spellman*, 654 F.2d 1349

17   (9th Cir. 1981).  The providing of standby counsel in a criminal matter fulfills the state's duty to

18   provide access to courts.  Plaintiff fails to come forward with any evidence that shows his plea

19   was not made knowingly and voluntarily.  Petitioner fails to show actual prejudice.

20       B.    Fundamental miscarriage of justice.

21       Alternatively, in an "extraordinary case", this court may grant the writ without a showing

22   of cause and prejudice to correct a "fundamental miscarriage of justice" if petitioner can show

23

24

1    that the conviction is the result of a constitutional violation and that petitioner is actually

2    innocent. *Murray*, 477 U.S. at 495-96.

3           Because petitioner entered a guilty plea, even if it was an Alford plea, the Court does not

4    address the fundamental miscarriage of justice portion of the analysis. As petitioner stated:

5           I do not believe I am guilty exactly as charged, but I am pleading guilty to take
            advantage of State's offer and I believe there is a substantial likelihood that I
6           would be convicted at trial[.]  There is a factual basis for my plea contained in the
            PC statement. I stipulate that there is a basis for the court to impose an
7           exceptional sentence up to 10 years.

8    (Dkt. 23, Exhibit 1, Appendix "E" p. 8 of 9).  Petitioner cannot show a fundamental miscarriage

9    of justice in this case.  The Court recommends dismissing petitioner's first and third grounds for

10   relief because they are procedurally barred.

11          3.      Remaining grounds for relief.

12          Petitioner's remaining two grounds are that his First and Fourteenth Amendment rights

13   were violated by the alleged loss of his legal material (Dkt. 13).  Respondent argues that

14   petitioner is not challenging his judgment or sentence and is instead challenging a condition of

15   confinement (Dkt. 22 pp. 14-16).  A state prisoner's challenges to the validity of his sentence or

16   the length of confinement are properly brought as habeas corpus petition pursuant to 28 U.S.C. §

17   2254.  *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  Issues relating to conditions of

18   confinement are properly filed pursuant to 42 U.S.C. § 1983.

19          Petitioner litigated and lost his claims relating to the taking of his legal materials in this

20   Court.  *Hankerson v Department of Correction* 2013 WL 5962979 (W.D. Wa. 2013).  Further,

21   these issues arose after petitioner had pled guilty and been sentenced.  Petitioner fails to show

22   any impact on his decision to enter his guilty pleas.  Accordingly, the Court recommends

23   dismissal of this petition.

24

1        Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

2 fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P.

3 6.  Failure to file objections will result in a waiver of those objections for purposes of de novo

4 review by the district judge.  *See* 28 U.S.C. § 636(b)(1)(C).  Accommodating the time limit

5 imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on

6 March 20, 2015, as noted in the caption.

7        Dated this 18th day of February, 2015.

J. Richard Creatura
United States Magistrate Judge